STATE OF VERMONT                    SUPERIOR COURT
CHITTENDEN COUNTY                   CIVIL ACTION
                                    DOCKET NO. 1552-03 CnC

JACKLYN JEAN HICKERSON  )
                        )
        v.              )
                        )
TORREY DENNIS,          )
ROGER DENNIS, and       )
CUMBERLAND FARMS, INC., )
d/b/a CUMBERLAND FARMS  )

## COMPLAINT

**NOW COMES** Plaintiff, JACKLYN HICKERSON, by and through her attorney, James R. Martin, Esquire, and complains against the Defendants, TORREY DENNIS, ROGER DENNIS, and CUMBERLAND FARMS, INC., d/b/a CUMBERLAND FARMS, as follows:

1. Plaintiff JACKLYN HICKERSON is a resident of the County of Chittenden and State of Vermont.

2. Defendant TORREY DENNIS is a resident of the County of Tompkins and State of New York.

3. Defendant ROGER DENNIS is a resident of the County of Tompkins and State of New York.

4. On or about December 31, 2000, Defendant ROGER DENNIS negligently entrusted his vehicle to Defendant Torrey Dennis while he knew, or should have known that Defendant Torrey Dennis would operate this vehicle on the public highways of the State of Vermont, and thereby or otherwise, Defendant ROGER DENNIS caused this vehicle to be operated in the State of Vermont.

5. Defendant CUMBERLAND FARMS, INC. d/b/a CUMBERLAND FARMS, hereinafter CUMBERLAND FARMS, is a Delaware corporation that was authorized to do, and was doing such business as Cumberland Farms in the City of Burlington, County of Chittenden, and State of Vermont.

COUNT I
Negligence of Torrey Dennis

6. Plaintiff repeats and repleads allegations 1 through 5 and incorporates the same as those set forth at length herein.

7. On or about December 31, 2000, in a public highway on or about the University of Vermont Patrick Gym parking lot, in Burlington, Vermont, in the County of Chittenden, Defendant

James R. Martin
Esquire
Attorney at Law
Gideon King House
35 King Street
Burlington, VT 05401
(802) 864-5800

•

380 Delfrate Road
Huntington, VT 05462
(802) 434-4568

TORREY DENNIS negligently drove a motor vehicle against Plaintiff JACKLYN HICKERSON.

8. As a result, Plaintiff JACKLYN HICKERSON suffered and will suffer general and special damages to be proven at trial, that include but are not limited to past and future: interference with Plaintiff's business; great pain of body and mind; loss of enjoyment of life; and medical expenses.

## COUNT II
### Negligent Entrustment of Roger Dennis

9. Plaintiff repeats and repleads allegations 1 through 8 and incorporates the same as those set forth at length herein.

10. On or about December 31, 2000, Defendant ROGER DENNIS negligently entrusted his vehicle to Torrey Dennis.

11. On or about December 31, 2000, Defendant ROGER DENNIS was the owner and/or had the right to control the vehicle that was in the subject collision and he negligently entrusted the same to Defendant Torrey Dennis.

12. Defendant ROGER DENNIS supplied the subject vehicle for the use of Defendant Torrey Dennis, whom Defendant ROGER DENNIS knew or had reason to know to be likely, because of her youth, inexperience or otherwise, to use it in a manner involving unreasonable risk of physical harm to Defendant Torrey Dennis and others.

13. Defendant ROGER DENNIS had reason to expect that others, such as Plaintiff, would be endangered by Defendant Torrey Dennis' use of the subject vehicle, when he entrusted the same to Defendant Torrey Dennis on and about December 31, 2000.

14. On and about December 31, 2000, Defendant ROGER DENNIS, the entrustor, knew or should have known a reason why entrusting the subject vehicle to Defendant Torrey Dennis was negligent.

15. Defendant ROGER DENNIS' said negligent entrustment, in part or in whole, caused Defendant ROGER DENNIS' motor vehicle to be driven against Plaintiff JACKLYN HICKERSON on or about December 31, 2000.

16. As a result, Plaintiff JACKLYN HICKERSON suffered and will suffer general and special damages to be proven at trial, that include but are not limited to past and future: interference with Plaintiff's business; great pain of body and mind; loss of enjoyment of life; and medical expenses.

## COUNT III
### (Negligence of Cumberland Farms)

James R. Martin
Esquire
Attorney at Law
Gideon King House
35 King Street
Burlington, VT 05401
(802) 864-5800

•

380 Delfrate Road
Huntington, VT 05462
(802) 434-4568

17. Plaintiff repeats and repleads allegations 1 through 16 and incorporates the same as those set forth at length herein.

18. On and about January 7, 2001, Defendant CUMBERLAND FARMS owned and/or occupied, controlled and operated its store, that included but was not limited to its ingress and egress walkway, on or about Riverside Avenue in Burlington, Vermont.

19. On or about January 7, 2001, Plaintiff was a business invitee to the said store of CUMBERLAND FARMS.

20. At all relevant times hereto, the said store of Defendant CUMBERLAND FARMS had defects and/or dangerous conditions, including but not necessarily limited to dangerous ice upon its ingress and egress walkway, that caused Plaintiff JACKLYN HICKERSON to fall upon this walkway and suffer bodily injuries and other damages.

21. On or about January 7, 2001, CUMBERLAND FARMS, by and through its employees and/or other agents, knew or reasonably should have known that its premises was with defect and/or with dangerous conditions, prior to Plaintiff JACKLYN HICKERSON's fall.

22. The exercise of reasonable care provided the employees and/or other agents of Defendant CUMBERLAND FARMS the opportunity for knowledge of the defects in its premises prior to Plaintiff JACKLYN HICKERSON's injuries that resulted from these defects and/or dangerous conditions

23. One or more of CUMBERLAND FARMS' said employees was informed, well prior to Plaintiff's slip and fall upon the dangerous ingress and egress walkway, that one or more business invitees had slipped and fallen upon the subject dangerous ice upon its ingress and egress walkway, and the CUMBERLAND FARMS' said employee stated to Plaintiff that thereafter she had meant to put some salt on the subject ingress and egress walkway, but had forgotten to.

24. On or about January 7, 2001, Defendant CUMBERLAND FARMS failed to maintain its premises in a safe condition, suitable for use by its invitee, Plaintiff JACKLYN HICKERSON.

25. On or about January 7, 2001, Defendant CUMBERLAND FARMS failed to use reasonable care to keep its premises in a safe and suitable condition so that its business invitee, Plaintiff JACKLYN HICKERSON, would not be unnecessarily or unreasonably exposed to danger.

26. At all relevant times hereto, Defendant CUMBERLAND FARMS, by and through its employees and/or other agents, failed to exercise reasonable care to keep said CUMBERLAND FARMS store premises free from defects and/or dangerous conditions.

James R. Martin
Esquire
Attorney at Law
Gideon King House
35 King Street
Burlington, VT 05401
(802) 864-5800

●

380 Delfrate Road
Huntington, VT 05462
(802) 434-4568

27. At all relevant times hereto, Defendant CUMBERLAND FARMS, by and through its employees and/or other agents, failed to warn Plaintiff JACKLYN HICKERSON of the dangers on its premises, of which it knew or had reason to know.

28. At all relevant times hereto, Defendant CUMBERLAND FARMS INC., by and through its employees and/or other agents, failed to provide an adequate measure of assurance of safety, for Plaintiff JACKLYN HICKERSON by the exercise of active care, as was necessary under the circumstances of this matter.

29. At all relevant times hereto, Defendant CUMBERLAND FARMS failed to exercise due care under the circumstances to keep its premises free from defects and/or dangerous conditions.

30. At all relevant times hereto, Defendant CUMBERLAND FARMS, by and through its employees, failed its duty to keep its premises in a safe and suitable condition, so that Plaintiff would not be unnecessarily or unreasonably exposed to danger.

31. As a result, Plaintiff JACKLYN HICKERSON suffered and will suffer general and special damages to be proven at trial, that include but are not limited to past and future: interference with Plaintiff's business; great pain of body and mind; loss of enjoyment of life; and medical expenses.

### COUNT IV
(Negligence of Cumberland Farms)

32. Plaintiff repeats and repleads allegations 1 through 31 and incorporates the same as those set forth at length herein.

33. On or about January 7, 2001, the Defendant CUMBERLAND FARMS, by and through its employees and/or other agents, reasonably should have foreseen harm to the person and/or property of others, including Plaintiff JACKLYN HICKERSON, by way of the dangerous condition of its premises.

34. The Defendant CUMBERLAND FARMS had duties, relating to the foregoing, owing to Plaintiff JACKLYN HICKERSON.

35. The Defendant CUMBERLAND FARMS, INC., d/b/a CUMBERLAND FARMS negligently breached its duties owing to Plaintiff JACKLYN HICKERSON.

36. As a result, Plaintiff JACKLYN HICKERSON suffered and will suffer general and special damages to be proven at trial, that include but are not limited to past and future: interference with Plaintiff's business; great pain of body and mind; loss of enjoyment of life; and medical expenses.

### COUNT V
(Negligence of Cumberland Farms)

James R. Martin
Esquire
Attorney at Law
Gideon King House
35 King Street
Burlington, VT 05401
(802) 864-5800
•

380 Delfrate Road
Huntington, VT 05462
(802) 434-4568

37. Plaintiff repeats and repleads allegations 1 through 36 and incorporates the same as those set forth at length herein.

38. Defendant CUMBERLAND FARMS, INC., by and through its employees and/or other agents, was negligent in failing to prevent said harm caused to Plaintiff JACKLYN HICKERSON.

39. As a result, Plaintiff JACKLYN HICKERSON suffered and will suffer general and special damages to be proven at trial, that include but are not limited to past and future: interference with Plaintiff's business; great pain of body and mind; loss of enjoyment of life; and medical expenses.

## COUNT V
### (Negligence of Cumberland Farms)

40. Plaintiff repeats and repleads allegations 1 through 39 and incorporates the same as those set forth at length herein.

41. The conditions on or about January 7, 2001, carried with them a corresponding duty of care by the Defendant CUMBERLAND FARMS to use reasonable measures to discover and remove from its said ingress and egress walkway the dangerous ice.

42. Such hazard to Defendant CUMBERLAND FARMS' business invitees constituted a risk of harm within the reasonable foresight of this Defendant, by and through its employees and/or other agents, and that it should have taken reasonable steps to obviate the danger.

43. The conditions on or about January 7, 2001, created marketing problems of safety and placed upon the subject store operator(s) the need for greater vigilance if it was to meet the standard of care required under the circumstances.

44. A substantial risk of injury was implicit in the manner in which this business was conducted, and on the total scene it was fairly probable that the operator was responsible either in creating the hazard or permitting it to arise or to continue.

45. Defendant CUMBERLAND FARMS had a legal duty owing to Plaintiff JACKLYN HICKERSON to exercise a reasonable degree of care in connection with the operation of said business, to prevent the very occurrence that has happened, that is said January 7, 2001, slip and fall upon its iced-over ingress and egress walkway and resulting injuries and other damages to Plaintiff.

46. Defendant CUMBERLAND FARMS' ingress and egress walkway was under Defendant CUMBERLAND FARMS' control and management in such a way that there can be no serious question concerning the Defendant CUMBERLAND FARMS' responsibility for the misadventure

James R. Martin
Esquire
Attorney at Law
Gideon King House
35 King Street
Burlington, VT 05401
(802) 864-5800

380 Delfrate Road
Huntington, VT 05462
(802) 434-4568

of the subject ingress and egress walkway.

47. The condition of the subject ingress and egress walkway, for which Defendant CUMBERLAND FARMS was responsible was the producing cause of Plaintiff's injuries and other damages.

48. The event which brought on Plaintiff JACKLYN HICKERSON's harm is such that would not ordinarily occur except for the want of requisite care on the part of the Defendant responsible for the injuring agency, Defendant CUMBERLAND FARMS.

49. As a result, Plaintiff JACKLYN HICKERSON suffered and will suffer general and special damages to be proven at trial, that include but are not limited to past and future: interference with Plaintiff's business; great pain of body and mind; loss of enjoyment of life; and medical expenses.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

a) Order Defendant TORREY DENNIS to pay all compensatory damages to Plaintiff JACKLYN HICKERSON;

b) Order Defendant TORREY DENNIS to pay all costs, pre-judgment interest and post-judgment interest to Plaintiff JACKLYN HICKERSON;

c) Order Defendant ROGER DENNIS to pay all compensatory damages to Plaintiff JACKLYN HICKERSON;

d) Order Defendant ROGER DENNIS to pay all costs, pre-judgment interest and post-judgment interest to Plaintiff JACKLYN HICKERSON;

e) Order Defendant CUMBERLAND FARMS to pay Plaintiff JACKLYN HICKERSON all of her compensatory damages;

f) Order Defendant CUMBERLAND FARMS to pay all costs, pre-judgment and post-judgment interest to Plaintiff JACKLYN HICKERSON; and

g) provide all other relief for Plaintiff JACKLYN HICKERSON that this Court deems just and proper.

Dated in Burlington, Vermont, this 17th day of December 2003.

JACKLYN JEAN HICKERSON, Plaintiff
by her attorney:

JAMES R. MARTIN, ESQUIRE
Attorney at Law

James R. Martin
Esquire
Attorney at Law
Gideon King House
35 King Street
Burlington, VT 05401
(802) 864-5800

•

380 Delfrate Road
Huntington, VT 05462
(802) 434-4568

| | |
|---|---|
| **STATE OF VERMONT**<br>**CHITTENDEN COUNTY** | **SUPERIOR COURT**<br>**CIVIL ACTION**<br>**DOCKET NO. 1552-03** cnc |
| JACKLYN JEAN HICKERSON )<br>                             )<br>    v.                       )<br>                             )<br>TORREY DENNIS,              )<br>ROGER DENNIS, and           )<br>CUMBERLAND FARMS, INC.,     )<br>d/b/a CUMBERLAND FARMS      ) |  |

## SUMMONS

*To the above-named Defendant: TORREY DENNIS*

You are hereby summoned and required to serve upon James R. Martin, Esquire, Plaintiff's attorney, whose address is Gideon King House, 35 King Street, Burlington, Vermont 05401, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court. Unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the plaintiff, or you will thereafter be barred from making such claim in any other action. **YOUR ANSWER MUST STATE SUCH A COUNTERCLAIM WHETHER OR NOT THE RELIEF DEMANDED IN THE COMPLAINT IS FOR DAMAGE COVERED BY A LIABILITY INSURANCE POLICY UNDER WHICH THE INSURER HAS THE RIGHT OR OBLIGATION TO CONDUCT THE DEFENSE.**

Dated in Burlington, Vermont, this 17th day of December 2003.

JACKLYN JEAN HICKERSON, Plaintiff
by her attorney:

JAMES R. MARTIN, ESQUIRE
Attorney at Law

James R. Martin
Esquire
Attorney at Law
Gideon King House
35 King Street
Burlington, VT 05401
(802) 864-5800

•

380 Delfrate Road
Huntington, VT 05462
(802) 434-4568

| | |
|---|---|
| STATE OF VERMONT<br>CHITTENDEN COUNTY | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO. 1552-03 CnC |

JACKLYN JEAN HICKERSON )
)
v. )
)
TORREY DENNIS, )
ROGER DENNIS, and )
CUMBERLAND FARMS, INC., )
d/b/a CUMBERLAND FARMS )



CHITTENDEN COUNTY CLERK
FILED IN CLERKS OFFICE

DEC 1 8 2003

DIANE A. LAVALLEE
CLERK

## SUMMONS

*To the above-named Defendant: ROGER DENNIS*

You are hereby summoned and required to serve upon James R. Martin, Esquire, Plaintiff's attorney, whose address is Gideon King House, 35 King Street, Burlington, Vermont 05401, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court. Unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the plaintiff, or you will thereafter be barred from making such claim in any other action. **YOUR ANSWER MUST STATE SUCH A COUNTERCLAIM WHETHER OR NOT THE RELIEF DEMANDED IN THE COMPLAINT IS FOR DAMAGE COVERED BY A LIABILITY INSURANCE POLICY UNDER WHICH THE INSURER HAS THE RIGHT OR OBLIGATION TO CONDUCT THE DEFENSE.**

Dated in Burlington, Vermont, this 17th day of December 2003.

JACKLYN JEAN HICKERSON, Plaintiff
by her attorney:

JAMES R. MARTIN, ESQUIRE
Attorney at Law

James R. Martin
Esquire
Attorney at Law
Gideon King House
35 King Street
Burlington, VT 05401
(802) 864-5800

•

380 Delfrate Road
Huntington, VT 05462
(802) 434-4568

```
STATE OF VERMONT                    SUPERIOR COURT
CHITTENDEN COUNTY                   CIVIL ACTION
                                    DOCKET NO. 1552-03 CnC
```

JACKLYN JEAN HICKERSON     )
                           )
    v.                     )
                           )
TORREY DENNIS,             )
ROGER DENNIS, and          )
CUMBERLAND FARMS, INC.,    )
d/b/a CUMBERLAND FARMS     )



CHITTENDEN COUNTY CLERK
FILED IN CLERKS OFFICE

DEC 18 2003

# SUMMONS

To the above-named Defendant: CUMBERLAND FARMS, INC., d/b/a CUMBERLAND FARMS

You are hereby summoned and required to serve upon James R. Martin, Esquire, Plaintiff's attorney, whose address is Gideon King House, 35 King Street, Burlington, Vermont 05401, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court. Unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the plaintiff, or you will thereafter be barred from making such claim in any other action. **YOUR ANSWER MUST STATE SUCH A COUNTERCLAIM WHETHER OR NOT THE RELIEF DEMANDED IN THE COMPLAINT IS FOR DAMAGE COVERED BY A LIABILITY INSURANCE POLICY UNDER WHICH THE INSURER HAS THE RIGHT OR OBLIGATION TO CONDUCT THE DEFENSE.**

Dated in Burlington, Vermont, this 17th day of December 2003.

JACKLYN JEAN HICKERSON, Plaintiff
by her attorney:

JAMES R. MARTIN, ESQUIRE

James R. Martin
Esquire
Attorney at Law
Gideon King House
35 King Street
Burlington, VT 05401
(802) 864-5800

380 Delfrate Road
Huntington, VT 05462
(802) 434-4568